UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD RUDOLPH, DAN GRIFFIN,
CHRIS WELLS, and CAROLYN ALLEN,

       Plaintiffs,

v.

       Case No. 04-74003

CITY OF DETROIT,

       Honorable John Corbett O'Meara

       Cross-Plaintiff,

v.

GUARDIAN PROTECTIVE SERVICES,
INC., d/b/a GUARDIAN BONDED
SECURITY,

       Cross-Defendant.
_____/

### ORDER OPENING CASE AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MARCH 21, 2005 MOTION TO CERTIFY CLASS

This matter came before the court on Plaintiffs' March 21, 2005 motion to certify a class. Cross-defendant Guardian filed a response April 18, 2005; and Plaintiffs filed a reply brief June 10, 2005. The City of Detroit did not file a response to Plaintiffs' motion. Oral argument was heard June 21, 2005.

### BACKGROUND FACTS

Plaintiffs' initial complaint in this matter asserted claims against defendant Guardian for, among other things, violations of Detroit's "living wage" ordinance ("LWO"), violations of the Fair Labor Standards Act ("FLSA"), and violations of 42 U.S.C. § 1983. The court dismissed the state law claims, and Plaintiffs filed an amended class action complaint, reasserting the claims against

Guardian and naming the City of Detroit a co-defendant. The City cross filed against Guardian seeking indemnification, and Guardian cross filed against the City. After Guardian filed a motion to dismiss Plaintiffs' federal claims, Guardian and Plaintiffs stipulated to dismiss those claims; the cross claims between the City and Guardian remained, however. The case was closed for administrative purposes; however, the court on its own motion will now open the case.

Plaintiffs filed a new action against Guardian in Wayne County Circuit Court reasserting the dismissed claim for violations of the LWO, a third-party beneficiary claim, and the FLSA claim. Guardian removed the case to federal court, and it was assigned to Judge Roberts. It was recently reassigned to this court as a companion case (05-70716). Although Plaintiffs' claims in this case and their request for class certification are asserted against the City only, Guardian has a direct interest in this motion because the City is seeking indemnification from Guardian.

Count I of the Amended Complaint alleges a claim against the City under 42 U.S.C. § 1983, asserting that the City violated the NLRA and deprived Plaintiffs of their right to equal protection under the U.S. Constitution by failing to enforce the LWO. Count II alleges violations of FLSA. Although it is unclear whether Count II is alleged against both the City and Guardian, the later filed companion case alleges an FLSA claim against Guardian.

## **LAW AND ANALYSIS**

Rule 23(a) of the Federal Rules of Civil Procedure outlines the requirements for class actions as follows: 1) numerosity, 2) commonality, 3) typicality, and 4) adequacy of representation. Plaintiffs bear the of establishing all the requirements for class certification. Thompson v. County of Medina, 29 F.3d 238, 241 (6th Cir. 1994). The United States Supreme Court has made it clear that the court must conduct a "rigorous analysis" into whether the prerequisites of Rule 23 have been

met.  General Telephone Co. v. Falcon, 457 U.S. 147, 162 (1982).  A class is not maintainable merely because the complaint rehashes the legal requirements of Rule 23.  In re American Med. Sys., Inc., 75 F.3d 1069, 1079 (6th Cir. 1996).

Defendant Guardian contends that class certification in this case would be premature at this time.  At least three of the named plaintiffs signed agreements that require them to pay Guardian's costs and attorney fees if they bring litigation in which Guardian prevails.  At least one named plaintiff executed an agreement with Guardian that subjects him to a shortened, six-month statute of limitations for claims related to his employment.  Additional members of the class are likely to be subject to such agreements.  The parties have not yet deposed any parties or witnesses; thus, Guardian has not had an opportunity to conduct any discovery regarding the nature of Plaintiffs' claims or whether Plaintiffs are appropriate class representatives. Plaintiffs concede that their FLSA claim is not suitable for class action.

Because the parties have not yet conducted discovery on these issues, the court will deny without prejudice Plaintiffs' motion for class certification.

## ORDER

It is hereby **ORDERED** that this case is **OPENED.**

It is further **ORDERED** that Plaintiffs' March 21, 2005 motion to certify class is **DENIED WITHOUT PREJUDICE.**

       s/John Corbett O'Meara
       John Corbett O'Meara
       United States District Judge

Dated:  July 18, 2005